(110 App. Div. 104.)

## VOSS v. SMITH (three cases).

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW—NECESSITY OF CERTIFICATE AS TO EVIDENCE.

 The appellate division cannot consider the merits, where the trial justice refuses to grant a certificate that the case contains all the evidence adduced at the trial.

 [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2916.]

2. CORPORATIONS—INSOLVENCY—PREFERENCES.

 An assignment of claims against an insurance company, arising out of loss by fire, made by a solvent corporation to a creditor, who has no notice or knowledge of the financial condition of the corporation, without any intention to give him a preference, and for a valuable consideration, is valid against a receiver subsequently appointed for the corporation.

 [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2161.]

Appeal from Special Term, New York County.

Three actions by Edward Voss against George M. Smith, as receiver of the E. C. Bell Manufacturing Company. From judgments entered for plaintiff in each, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

C. W. Francis, for appellant.
C. L. Hoffman, for respondent.

PATTERSON, J. These cases came on for argument on appeal term of the court. Objection was taken that the facts could not be inquired into for the want of a certificate, that the cases contained all the evidence adduced at the trial. Thereupon the decision of the appeals was held over, in order that an application might be made to the court below to have a certificate granted, and the record thus reformed.

We have been notified, by the attorneys for the appellant, that such an application has been made and denied by the justice who tried the causes. Hence we cannot consider that which seems to be the crucial matter involved, namely, the merits of the controversy. We have, therefore, to pass upon the question of the conclusions of law being justified by the findings of fact, and, in addition thereto, the value of exceptions taken at the trial.

The actions were instituted to determine the ownership of adjusted losses under certain policies of insurance. The E. C. Bell Manufacturing Company was a corporation carrying on business in the city of New York, and the Hartford Insurance Company, a foreign corporation doing business in the city of New York, issued its policies of insurance to the E. C. Bell Manufacturing Company and insured that company from losses by fire to certain specific amounts. A reference to the policy involved in one action is sufficient to cover the three cases. The facts we are required to accept, in addition to those above referred to, are that after the issuance of the policies of insurance, and while they were in full force and effect, the E. C. Bell Manufacturing Company sustained losses by fire on or about December 25, 1901. The losses were adjusted, and the share agreed to be paid by the insurance company was an amount which was afterwards paid by that company into court to abide the event of this action. Then follow the controlling findings, namely, that on or about the 27th day of December, 1901, and after the loss by fire sustained by the E. C. Bell Manufacturing Company, it duly assigned to the plaintiff all its right, title, and interest to the policy and the claim arising out of the loss; that the plaintiff ever since has been and now is the lawful owner and holder of that claim; that thereafter the defendant Smith was appointed receiver of the E. C. Bell Manufacturing Company and qualified as such, and has ever since his appointment been acting as receiver; that there is now in the possession of the defendant, as receiver of the E. C. Bell Manufacturing Company, a certain amount of money, which he holds subject to the judgment in this action; that at the time of the execution of the assignment to the plaintiff of the loss sustained by the E. C. Bell Manufacturing Company under the policy issued to it, that company was solvent and well able to pay all its debts and obligations; and that the assignment was accepted by the plaintiff as a bona fide purchaser, without notice or knowledge on his part of the financial condition of the E. C. Bell Manufacturing Company, and was accepted by him for a valuable consideration and the plaintiff at that time was a creditor of the corporation in good faith and there was no intention to give him a preference.

Those being the facts, which cannot be disputed on this record, it necessarily follows that the plaintiff was entitled to judgment. That judgment is in accordance with the allegation of the complaint, and the findings of the court. We are unable to perceive that any of the defendant's exceptions entered on the record were well taken.

As the cases have come before us, the judgments must be affirmed, with costs. All concur.